UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0222-KJN |
| Plaintiff, | |
| v. | ORDER |
| JASON P. ROLLINS | |
| Defendant. | |

INTRODUCTION

    Presently pending before the court is defendant's motion to sever the counts for trial. (ECF No. 24.) The United States opposed the motion, and defendant filed a reply brief. (ECF Nos. 25, 28.) At the April 12, 2017 hearing, the court also entertained oral argument with respect to the motion. Attorney Robert Artuz appeared on behalf of the United States, and attorney Linda Allison and certified law student Brittany Berzin appeared on behalf of defendant. After carefully considering the court's record and the applicable law, the court GRANTS the motion and schedules the trials and pretrial deadlines as outlined below.

BACKGROUND

    On December 30, 2016, the United States filed a Superseding Information containing nine counts of violations allegedly committed by defendant: (1) possession of a controlled substance, namely, marijuana in violation of 36 C.F.R. § 2.35(b)(2); (2) possession of drug paraphernalia,

namely, a methamphetamine pipe in violation of Cal. Health & Safety Code § 11364(a); (3) failure to comply with traffic control devices in violation of 36 C.F.R. § 4.12; (4) failure to pay recreational fees in violation of 36 C.F.R. § 2.23(b); (5) violating closure and public use limits in violation of 36 C.F.R. § 1.5(f); (6) failure to obey posted signs in violation of 36 C.F.R. § 4.2 and Cal. Veh. Code § 21461.5; (7) failure to notify DMV of ownership transfer in violation of 36 C.F.R. § 4.2 and Cal. Veh. Code § 5902; (8) possession of a controlled substance: marijuana in violation of 21 U.S.C. § 844(a); and (9) possession of a controlled substance: methamphetamine in violation of 21 U.S.C. § 844(a). (ECF No. 22.)

Counts 8 and 9 arise from a March 13, 2015 traffic stop on Highway 3 in the Shasta-Trinity National Forest. In the course of the traffic stop and subsequent search, the officer allegedly discovered marijuana and methamphetamine in defendant's car. Counts 8 and 9 are Class A misdemeanors for which defendant has a right to a jury trial.

Counts 1 through 7 arise from a March 8, 2016 incident where defendant, accompanied by a female, allegedly entered an area closed to the public in the Whiskeytown National Recreation Area (approximately 70 miles away from the location of the 2015 incident), with defendant's vehicle allegedly parked in front of the closed area. Defendant was ultimately arrested based on a purportedly outstanding warrant; his car was towed; and upon a search, marijuana and a methamphetamine pipe were allegedly discovered in the car. Counts 1 through 7 are all Class B misdemeanors for which there is no right to a jury trial.

The case is presently set for trial on May 12, 2017. (ECF No. 23.) However, as noted above, defendant has filed a motion pursuant to Federal Rules of Criminal Procedure 8 and 14 to sever Counts 1-7 from Counts 8-9 for purposes of trial. (ECF No. 24.)

DISCUSSION

Federal Rule of Criminal Procedure 8 provides, in part, that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). In turn, Federal Rule of Criminal Procedure 14 provides, in part, that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

The court first analyzes whether the counts at issue were properly joined pursuant to Federal Rule of Criminal Procedure 8, before considering whether any relief pursuant to Federal Rule of Criminal Procedure 14 is warranted.

<u>Propriety of Joinder Pursuant to Federal Rule of Criminal Procedure 8(a)</u>

"Because Rule 14 is available as a remedy for prejudice that may develop during the trial, Rule 8 has been broadly construed in favor of initial joinder." <u>United States v. Jawara</u>, 474 F.3d 565, 573 (9th Cir. 2007) (citation and quotation marks omitted); <u>see also</u> <u>United States v. Lane</u>, 474 U.S. 438, 449 (1986) (recognizing that joint trials conserve government funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of a crime to trial). "Nonetheless, the joinder decision warrants scrutiny, and Rule 14 should not be viewed as a backstop or substitute for the initial analysis required under Rule 8(a). At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and those conditions, although phrased in general terms, are not infinitely elastic." <u>Jawara</u>, 474 F.3d at 573. Because Rule 8 "is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." <u>Id.</u> at 572.

In this case, the United States does not contend that joinder is proper because the counts are based on the same act or transaction, or are connected with a common scheme or plan. Instead, the United States argues that the offenses are of the same or similar character for purposes of Federal Rule of Criminal Procedure 8. For the reasons discussed below, the court disagrees.

In <u>Jawara</u>, the Ninth Circuit attempted to clarify the framework for assessing whether joined offenses are of the same or similar character under Federal Rule of Criminal Procedure 8(a). <u>Jawara</u>, 474 F.3d at 569. The court noted that the "same or similar character prong of Rule 8(a) is the most amorphous and controversial of the three grounds for joinder" and acknowledged

3

that, apart from the "general observation that 'similar' character does not mean the 'same,'…we have offered little guidance in the application of this test." Id. at 575-76 (collecting previous Ninth Circuit cases in which initial joinder on the basis of "similar character" was upheld). "Same or similar character cases often present a situation where line drawing between permissible and improper joinder becomes imprecise and the standards applied confusing." Id. at 576. After surveying the categorical approach employed by the Seventh Circuit, which emphasizes the likeness of the class or category of offenses, and the comprehensive approach employed by the First Circuit, which involves a broader, holistic consideration of a variety of factors, the Ninth Circuit essentially endorsed the more comprehensive approach of the First Circuit:

> We consider it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the "same or similar character" prong of Rule 8(a). The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment. But the bottom line is that the similar character of the joined offenses should be ascertainable— either readily apparent or reasonably inferred—from the face of the indictment. Court should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity.

Id. at 576-78.

Here, on balance, an analysis of the relevant factors identified by the Ninth Circuit militates against joinder.

The two incidents at issue took place almost a year apart, at different locations approximately 70 miles apart. Even though the United States argues that both incidents occurred in a recreational area of the federal government in Northern California, there is little evidence to suggest that the similarities between the locations here were anything more than happenstance. There are also no specifically identifiable victims in common between the two incidents.

To be sure, there is overlap in terms of the drug charges at issue in both incidents, but there are also some differences between the elements of those statutory offenses. Counts 1 and 8 both charge defendant with possession of marijuana. However, as defendant points out, Count 8 requires proof of a *mens rea* requirement, i.e., that the possession be intentional or knowing,

4

whereas Count 1 does not. Compare 21 U.S.C. § 844(a) and 36 C.F.R. § 2.35(b)(2). Furthermore, although Counts 2 and 9 both relate, at least indirectly, to methamphetamine, Count 2 involves possession of drug paraphernalia, whereas Count 9 involves possession of methamphetamine itself. Moreover, many of the offenses charged with regard to the March 8, 2016 incident, such as the traffic and vehicle-related offenses, are entirely different from the drug-related offenses at issue in the March 13, 2015 incident.

Additionally, given the different locations and times of the incidents, it does not appear likely that there will be a substantial evidentiary overlap between the two incidents. Each incident would likely involve testimony by different officers and involve presentation of distinct documentary and physical evidence. Indeed, it seems inefficient to have a jury hear evidence regarding 9 charges (including several vehicle and traffic-related charges) when they will only be tasked with actually adjudicating 2 drug-related charges. Although the United States indicates that it may use the same expert's testimony with respect to both incidents, the court does not find that consideration particularly significant. As outlined below, the court intends to conduct the bench trial immediately following the jury trial, and finds that requiring an expert witness to potentially testify twice in a relatively short time span of a day or two, in itself, is not a significant burden. Likewise, if the government wishes to offer Rule 404(b) evidence at either trial, the court finds that it can be reasonably accomplished without undue burden in such immediately consecutive trials. Moreover, to the extent that the United States wishes to offer evidence from the March 13, 2015 incident in the bench trial relating to the March 8, 2016 incident, the court would have presided over the earlier jury trial, and would be able to consider such evidence, assuming it may be admitted for a proper purpose.[1] As such, the logistical scheduling of the trials should accommodate most of the United States' concerns regarding conservation of resources and convenience of witnesses.

Finally, contrary to the United States' argument, the modus operandi of the alleged offenses are not similar. The March 13, 2015 incident involved a traffic stop, whereas the March

---

[1] The court at this juncture makes no determination with respect to the potential admission of Rule 404(b) evidence at either trial.

8, 2016 incident arose from allegedly entering an area closed to the public. The mere fact that both incidents involved alleged possession of drugs or drug paraphernalia in a federal recreational area of some sort is too high a level of abstraction to represent a cognizable modus operandi.

Consequently, after carefully weighing the relevant factors in the context of the facts and circumstances of this case, the court concludes that the charged offenses are not of the same or similar character and thus cannot be properly joined pursuant to Federal Rule of Criminal Procedure 8.

<u>Federal Rule of Criminal Procedure 14</u>

Because the court concludes that the charged offenses cannot be properly joined pursuant to Federal Rule of Criminal Procedure 8, it is unnecessary to consider whether relief pursuant to Federal Rule of Criminal Procedure 14 is warranted.

<u>Scheduling of Trial and Pre-Trial Deadlines</u>

In light of the above, Counts 1-7 and Counts 8-9 are severed for purposes of trial.

At the hearing, defendant's counsel requested a continuance of the presently-scheduled May 12, 2017 trial date. After conferring with both parties, and consulting the court's schedule, the parties agreed to a new trial date of Friday September 29, 2017, at 9:00 a.m. For the grounds and reasons stated on the record at the April 12, 2017 hearing, the parties agreed to exclude time under Local Code T4 through September 29, 2017, and the court so ordered.

The first day of trial (Friday September 29, 2017) will be limited to addressing motions in limine, jury instructions, voir dire, and other preliminary trial matters that apply to the jury and/or bench trials. Jury selection will commence on Monday October 2, 2017, at 9:00 a.m. Logistically, the bench trial will immediately follow conclusion of the jury trial (i.e., upon the start of jury deliberations).

The court also schedules various pre-trial dates and deadlines, as outlined in greater detail below.[2] Because defendant has not yet been arraigned on the superseding information, such

---

[2] Nothing in this order should be construed so as to shift the burden of proof to defendant, or so as to require defendant to present any evidence, file any motions, submit proposed jury instructions, etc. Although defendant may voluntarily choose to do so by the imposed deadlines, defendant is not required to do so.

arraignment will take place at the time of the final trial confirmation hearing, as set forth below.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to sever (ECF No. 24) is GRANTED.
2. Counts 1-7 and Counts 8-9 are SEVERED for purposes of trial.
3. The first day of trial is set for Friday September 29, 2017, at 9:00 a.m., in Courtroom No. 25 before Judge Newman. For the grounds and reasons stated on the record at the April 12, 2017 hearing, the parties agreed to exclude time under Local Code T4 through September 29, 2017, and the court so ordered.
4. The first day of trial (Friday September 29, 2017) will be limited to addressing motions in limine, jury instructions, voir dire, and other preliminary trial matters that apply to the jury and/or bench trials. Jury selection will commence on Monday October 2, 2017, at 9:00 a.m. Logistically, the bench trial will immediately follow conclusion of the jury trial (i.e., upon the start of jury deliberations).
5. Any trial briefs are due September 15, 2017, at 4:00 p.m.
6. A proposed joint statement of the case is due September 15, 2017, at 4:00 p.m.
7. Proposed jury instructions are due September 15, 2017, at 4:00 p.m.[3] A Microsoft Word version must be e-mailed to kjnorders@caed.uscourts.gov on the same day as filed. Any objections to proposed jury instructions are due September 22, 2017, at 4:00 p.m.
8. Proposed verdict forms are due September 15, 2017, at 4:00 p.m.
9. Proposed voir dire is due September 15, 2017, at 4:00 p.m. A Microsoft Word version must be e-mailed to kjnorders@caed.uscourts.gov on the same day as filed. Any objections to proposed voir dire are due September 22, 2017, at 4:00 p.m.

---

[3] The court encourages the parties to consider submitting joint proposed jury instructions, if they are able to reach agreement as to some or all of the proposed instructions. The parties are advised that the court's general preference is to use the language of the Ninth Circuit's most current model jury instructions, where appropriate. If different language is proposed, the parties shall so indicate, and provide legal authority in support of the requested language.

10. Witness lists and exhibits lists are due September 15, 2017, at 4:00 p.m.

11. Motions in limine are due September 15, 2017, at 4:00 p.m.  Any oppositions to the motions in limine are due September 22, 2017, at 4:00 p.m.  Any reply briefs are due September 26, 2017, at 4:00 p.m.

12. Four copies of exhibit binders (one for the judge, one for the courtroom deputy clerk, one for the law clerk, and one for opposing counsel) must be delivered to the courtroom deputy clerk no later than September 25, 2017, at 12:00 p.m.  The exhibit binders must include numbered/lettered tabs for each exhibit.

13. Arrangements to test the courtroom audiovisual equipment shall be made with the courtroom deputy clerk no later than September 25, 2017.

14. A final trial confirmation hearing is set for Wednesday August 30, 2017, at 9:00 a.m. in Courtroom No. 25 before Judge Newman.  **Defendant shall personally appear at that hearing to be arraigned on the superseding information.**

IT IS SO ORDERED.

Dated:  April 13, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE